UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HOWARD WAYNE BROWNFIELD,<br><br>Plaintiff,<br><br>v.<br><br>EXETER FINANCE, LLC,<br>SYNERGETIC COMMUNICATION,<br>INC. and MRS BPO, LLC,<br><br>Defendant. | CASE NO. No. 2:18-cv-02072-CSB-EIL |

**MEMORANDUM IN SUPPORT OF MRS BPO, LLC'S MOTION FOR SUMMARY JUDGMENT**

Defendant, MRS BPO, LLC ("MRS") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the claims asserted by Howard Wayne Brownfield ("Plaintiff"). MRS submits this memorandum in support of its motion.

**I.      INTRODUCTION**

Plaintiff filed this action alleging that MRS violated the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by calling and disclosing the existence of a debt to his employer and threatening Plaintiff with "jail time and a lawsuit." Plaintiff cannot produce a scintilla of evidence to support these allegations. MRS has never spoken with Plaintiff or his employer, let alone disclosed the debt to Plaintiff's employer or threatened Plaintiff with jail time or a lawsuit. MRS only spoke to one person in connection with Plaintiff's account and that conversation consisted of an individual informing MRS that it had the wrong number and MRS responding that it would remove the number from its records. Because Plaintiff has not established, and cannot establish, a *prima*

*facie* claim under the FDCPA or ICFA, MRS is entitled to entry of summary judgment in its favor.

## II. STATEMENT OF MATERIAL FACTS NOT REASONABLY IN DISPUTE

### A. Plaintiff's debt and MRS' collection efforts.

Plaintiff's delinquent Exeter Finance account (the "Account") was placed with MRS for collection on December 6, 2016. (Declaration of William Michael Perkins dated Feb. 15, 2019 ("Perkins Decl.") ¶ 4.) MRS placed 38 telephone calls in an effort to reach Plaintiff to discuss the Account. (*Id.* ¶ 5.) All but one of the 38 calls placed by MRS in an effort to reach Plaintiff went unanswered. (*Id.* ¶ 6.)

On December 8, 2016, MRS placed a call to a telephone number ending in the digits 4747 and asked to speak to Howard Brownfield. (Perkins Decl. ¶ 6; Declaration of Michael Poncin dated Feb. 15, 2019 ("Poncin Decl.") Ex. D.) In response, the recipient of the call stated, "no … you have the wrong number." (Poncin Decl. Ex. D.) MRS' representative apologized for the inconvenience and told the recipient of the call that his number would be removed from MRS' records. (*Id.*) The call recipient thanked MRS' representative and the call was terminated. (*Id.*) MRS did not place any additional calls to that number. (Perkins Decl. ¶ 6.) This was the only call made in connection with the Account that resulted in a conversation between MRS and any individual. (*Id.*)

None of the calls MRS placed in connection with the Account resulted in a conversation with Plaintiff or his employer. (*Id.* ¶ 7.) MRS has never spoken with Plaintiff or his employer, let alone disclosed to Plaintiff's employer that it was attempting to collect a debt owed by Plaintiff or threatened Plaintiff with jail time or a lawsuit. (*Id.* ¶ 8.)

### B.      Plaintiff's Lawsuit

Plaintiff commenced this lawsuit against MRS alleging that MRS violated the FDCPA and IFCA by "placing phone calls to Plaintiff's employer and informing Plaintiff's employer that he owed the subject debt, as well as threats of jail time MRS made towards Plaintiff." (Compl. [ECF No. 1] ¶¶ 54, 59-72.)

In discovery, Plaintiff was asked to identify facts and any documents supporting his allegation that MRS committed the violations alleged in the Complaint. (Poncin Decl. Ex. B. at p. 2-3.) Plaintiff responded with only a referral to the Complaint and stated that "[he] is not in possession of any additional documents as requested in Defendant's Interrogatory." (*Id*. at p. 3.) In response to a request that he produce all documents supporting his claim that MRS violated any law, Plaintiff responded with an objection on the basis that "MRS is in possession of the documentation it is seeking" and by referencing his Rule 26(a)(1) disclosures. (Poncin Decl. Ex. C. at p. 1-2; Ex. E.) When asked to identify and produce documents related to any and all damages purportedly suffered as a result of MRS' conduct, Plaintiff, once again, pointed to the documents produced by MRS and his Rule 26(a)(1) disclosures, which essentially regurgitate the allegations in the Complaint. (Poncin Decl. Ex. B at p. 3-4; Ex. C. at p. 2; Ex. E.) Notably, when asked to produce all documents that support the allegation that MRS placed calls to his employer, Plaintiff responded that "[he] is not currently in possession of any documentation showing [MRS]' calls to [his] employer." (Poncin Decl. Ex. C at p. 4.)

Nothing contained in Plaintiff's responses to MRS' discovery requests or MRS' responses to Plaintiff's discovery requests supports the notion that MRS spoke with Plaintiff or his employer, let alone the allegation that MRS' disclosed the existence of the debt to Plaintiff's employer or threatened Plaintiff with jail time or a lawsuit. (*See id*. Exs. B-E.) Nevertheless,

3

MRS has produced evidence demonstrating that it has never spoken with Plaintiff or his employer and, thus, that it did not make the statements upon which Plaintiff's claims are based. (*See* Perkins Decl. ¶¶ 5-8, Ex. A.)  As a result, MRS now moves the Court for entry of summary judgment in its favor.

### III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  On a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).  Even so, the non-moving party cannot rest on bare allegations alone, but must designate specific material facts showing that there is a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("The existence of a mere scintilla of evidence supporting a plaintiff's position is insufficient . . . ."); *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000) ("Once the party moving for summary judgment uncovers a hole in the opponent's case, the nonmoving party that bears the ultimate burden at trial must show that there is evidence creating a genuine issue of material fact.").

Claims that are factually unsupported should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323-24.  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  "In such a situation, there can

be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *see also Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627 (7th Cir. 2014) ("summary judgment is proper against 'a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.'") (citation omitted); *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (inferences relying on speculation or conjecture are insufficient to defeat summary judgment).

IV. **ARGUMENT**

 A. **MRS is entitled to summary judgment with respect to Plaintiff's claims under the Fair Debt Collection Practices Act.**

Plaintiff alleges that MRS violated four different subsections of the FDCPA as a result of the calls that did not actually occur. Plaintiff claims that MRS violated 15 U.S.C. § 1692b, which governs communications with any person other than the consumer for the purpose of acquiring location information about the consumer. (Compl. ¶¶ 64-65.) Plaintiff claims that MRS violated 15 U.S.C. § 1692c, which prohibits a debt collector from contacting a consumer at his place of employment if the debt collector knows that the consumer's employer prohibits the consumer from receiving such communication and with most third parties in the absence of the consumer's consent. (Compl. ¶¶ 66-77.) Plaintiff claims that MRS violated 15 U.S.C. § 1692d, which prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.". (Compl. ¶¶ 68-69.) And, finally, Plaintiff claims that MRS violated 15 U.S.C. § 1692e, which prohibits a debt collector rom using "any false, deceptive, or misleading representation in connection with the collection of a debt." (Compl. ¶¶ 70-72.)

5

All of Plaintiff's claims against MRS are predicated on the allegation that MRS spoke to Plaintiff or Plaintiff's employer.  (*See* Compl. ¶¶ 34-38, 64-72.)  Necessarily, then, the existence of a communication between MRS and Plaintiff or his employer is an essential element of each of Plaintiff's claims.  Despite having adequate time for discovery, Plaintiff has failed to make a showing sufficient to establish the existence of this essential element of his case.

Plaintiff has not produced any evidence to support the allegation that MRS spoke with him or his employer, let alone any evidence that MRS disclosed the existence of the debt to Plaintiff's employer or threatened Plaintiff with jail time or a lawsuit.  (*See* Poncin Decl. Exs. B-E.)  In fact, Plaintiff even admits that "[he] is not currently in possession of any documentation showing [MRS]' calls to [his] employer."  (*Id*. Ex. C at p. 4.)  Since "a complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial," there can be "no genuine issue as to any material fact."  *Celotex*, 477 U.S. at 323.  Thus, summary judgment must be entered in MRS' favor.

Regardless of Plaintiff's failure to establish essential elements of his case, MRS is entitled to judgment as a result of the unrebutted evidence demonstrating that it did not engage in the conduct alleged in the Complaint.  The account notes produced by MRS, in which all calls are documented, and the declaration of William Michael Perkins demonstrate that MRS did not place any calls to the telephone number associated with Plaintiff's employer.  (Perkins Decl. ¶¶ 6-8, Ex. A at p. 1-3.)  And Plaintiff admits that MRS could not have placed calls to him personally, as MRS was not aware of the fact that Plaintiff had changed his telephone number to

a number ending in the digits 1117 before the Account was placed with MRS for collection[1]. (Compl. ¶ 35.)

In sum, MRS satisfies its summary judgment burden by demonstrating an absence of evidence to support Plaintiff's claims—namely, the lack of any record evidence showing that MRS actually spoke to Plaintiff or his employer. MRS is alternatively entitled to summary judgment on the grounds that it has produced undisputed evidence demonstrating that it did not engage in the conduct upon which Plaintiff's claims are based. For these reasons, MRS respectfully requests that the Court enter summary judgment in its favor with respect to Plaintiff's claims under the FDCPA.

### B. MRS is entitled to summary judgment with respect to Plaintiff's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act.

Plaintiff alleges that MRS violated the ICFA for the same reasons he alleges that MRS violated the FDCPA. MRS is entitled to summary judgment with respect to Plaintiff's ICFA claim for the same reasons MRS is entitled to summary judgment with respect to Plaintiff's FDCPA claims. Plaintiff has failed to produce establish essential elements of an IFCA claim and, further, MRS has produced undisputed evidence that it did not engage in the conduct upon which Plaintiff's ICFA claim is based.

The ICFA prohibits the use of deceptive acts or practices in the conduct of trade or commerce. 815 ILCS 505/2. To state a claim under the ICFA, the complaint must allege: (1) a deceptive act or practice by the defendant; (2) defendant's intent that plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; (4) actual damages to plaintiff; and (5) proximately caused by the deception.

---

[1] The account notes produced by MRS also demonstrate that MRS did not place any calls to a telephone number ending in the digits 1117. (*See* Perkins Decl. Ex. A at p. 1-3.)

*Freedom Mortgage Corp. v. Burnham Mortgage, Inc.*, 720 F. Supp.2d 978, 1003 (N.D. Ill. 2010) (citing *Avery v. State Farm Mut. Auto Ins. Co.*, 2016 Ill.2d 100, 180 (2005). The actual damage element of a private ICFA action requires that the plaintiff suffer "actual pecuniary loss." *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. App. Ct. 2008)). Allegations of emotional distress, inconvenience, and aggravation do not, by themselves, constitute damages under the ICFA. *See Morris v. Harvey Cycle & Camper, Inc.*, 911 N.E.2d 1049, 1054 (Ill. App. Ct. 2009).

Plaintiff has failed to produce evidence that MRS engaged in a deceptive act or practice, that MRS intended Plaintiff to rely on any deception, that the alleged deception occurred in the course of conduct involving trade or commerce, that he suffered any actual damage, or that any purported actual damages were proximately caused by the alleged deception. (*See* Poncin Decl. Exs. B-E.) Most notably, Plaintiff admits that the only evidence supporting his purported actual damages are his Rule 26(a)(1) disclosures, which merely regurgitate the bare allegations set forth in the Complaint and are insufficient to make a *prima facie* showing of actual pecuniary loss. (*See* Poncin Decl. Ex. C at p. 2, Ex. E at p. 2-3.)

Because Plaintiff has failed to produce establish essential elements of an IFCA claim and MRS has produced undisputed evidence that it did not engage in the conduct upon which Plaintiff's ICFA claim is based, MRS respectfully requests the Court to enter summary judgment in its favor. Alternatively, if the Court grants summary judgment in favor of MRS with respect to Plaintiff's claims under the FDCPA, MRS requests that the Court decline to exercise supplemental jurisdiction over Plaintiff's IFCA claim. *See* 28 U.S.C. § 1367(c)(3); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999).

## CONCLUSION

Based on the foregoing arguments, MRS respectfully requests the Court to enter an order granting summary judgment in MRS' favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. Alternatively, if the Court grants summary judgment to MRS with respect to Plaintiff's FDCPA claims only, MRS respectfully submits that the Court should relinquish supplemental jurisdiction over Plaintiff IFCA claim.

Dated:  February 15, 2019               Respectfully Submitted,


                                        /s/Michael S. Poncin
                                        Attorney for Defendant MRS BPO, LLC


Michael S. Poncin (MN Bar 296417)
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Tel: (612) 877-5000
Fax: (612) 877-5999
Mike.Poncin@lawmoss.com

4582121v1

## CERTIFICATE OF SERVICE

      I certify that on this 15th day of February, 2019, a copy of the foregoing document was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Nathan Volheim, Esq.
Mohammed Badwan, Esq.
Sulaiman Law Group, Ltd.
nvolheim@sulaimanlaw.com
mbadwan@sulaimanlaw.com
*Attorneys for Plaintiff*

                                            /s/Michael S. Poncin
                                            Attorney for Defendant MRS BPO, LLC

4582121v1